IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PERRY HINES,<br><br>　　　　　　Petitioner,<br><br>　vs.<br><br>ROB JEFFREYS, Director Nebraska Department of Correctional Services;<br><br>　　　　　　Respondent. | 8:25CV30<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on preliminary review of Petitioner Perry Hines' Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

Claim One: The trial court failed to instruct the jury on the defense of entrapment in violation of Petitioner's Fourteenth Amendment rights.

Claim Two: Petitioner was deprived of effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because counsel (1) waived Petitioner's right to 24-hour notice at his arraignment; (2) failed to object to the court's consideration of two previously dismissed counts at Petitioner's arraignment; (3) failed to competently represent Petitioner at a bond proceeding; (4) failed to adequately prepare for the June 7, 2021, hearing; (5) failed to produce any evidence

regarding Facebook being hacked or any evidence to refute Officer Larkin's testimony; (6) failed to make any argument or closing statement on Petitioner's behalf; (7) failed to object to a juror who knew the State's witness, Officer Larkin; (8) failed to object to prejudicial testimony provided by Officer Larkin; (9) failed to effectively cross-examine Officer Larkin; (10) failed to object and file a plea in bar when the prosecution refiled two previously dismissed counts; (11) failed to object to the prosecution's motion to amend the information during trial to change the time frame for the offenses charged; (12) failed to file a timely motion for new trial; and (13) failed to raise the foregoing claims on direct appeal.

Claim Three: Petitioner's convictions violated his Fifth and Fourteenth Amendment rights to due process and against double jeopardy.

Claim Four: The trial court sentenced Petitioner to an excessive sentence in violation of the Eighth Amendment.

Claim Five: The state district court erred in denying Petitioner's motion for postconviction relief without an evidentiary hearing in violation of Petitioner's due process rights.

**With the exception of Claim Five**, the Court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the Court

cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought. Claim Five is not cognizable in a federal habeas action as it is based on errors in the state postconviction proceedings. Errors during state postconviction review are not cognizable in a federal habeas corpus action. *See Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007) ("Because the Constitution does not guarantee the existence of state post-conviction proceedings, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas application." (cleaned up)); *Jenkins v. Houston*, 4:05CV3099, 2006 WL 126632 (D. Neb. 2006) (collecting cases). **Claim Five is dismissed**.

Lastly, Petitioner requests the appointment of counsel. Filing No. 5. "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021); *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition, Filing No. 1, the Court preliminarily determines that Petitioner's Claims One, Two, Three, and Four, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court. **Claim Five is not cognizable and is dismissed**.

2. By **June 30, 2025**, Respondent must file a motion for summary judgment or state court records in support of an answer. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **June 30, 2025**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

3. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

    A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

    B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record

    that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. *See* the following paragraph. The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may**

5

**result in the imposition of sanctions, including Petitioner's release.**

4. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

   A. By **June 30, 2025**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

   B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

   C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the Court

*except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **July 30, 2025**: check for Respondent's answer and separate brief.

5. No discovery shall be undertaken without leave of the Court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

6. Petitioner's motion for appointment of counsel, Filing No. 5, is denied without prejudice to reassertion.

Dated this 16th day of May, 2025.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge