IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PERRY HINES,

          Petitioner,

   vs.

ROB JEFFREYS, Director Nebraska
Department of Correctional Services;

          Respondent.

8:25CV30

MEMORANDUM AND ORDER

This matter is before the Court on Respondent's Motion for Summary Judgment. Filing No. 12. Respondent filed the relevant state court records, Filing No. 13, a statement of undisputed material facts, Filing No. 14, and a brief in support, Filing No. 15. Petitioner Perry Hines ("Petitioner" or "Hines") filed an opposition, Filing No. 18, a brief in opposition, Filing No. 19, a statement of material facts in opposition to the summary judgment motion, Filing No. 20, an affidavit, Filing No. 24, and a Motion for Evidentiary Hearing, Filing No. 21. Respondent filed a reply brief, Filing No. 25, and this matter is fully submitted for disposition. Respondent contends Hines' Petition for Writ of Habeas Corpus, Filing No. 1, must be dismissed because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d). Upon careful review, the Court agrees and will dismiss the petition with prejudice and deny Hines' Motion for Evidentiary Hearing.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).[1]  The moving party bears the initial responsibility of informing the court of the basis for the motion and must identify those portions of the record which the moving party believes show the lack of a genuine issue of material fact.  *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  If the moving party does so, the burden then shifts to the nonmoving party, who "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, summary judgment should be granted. *Smith-Bunge v. Wisconsin Cent., Ltd.,* 946 F.3d 420, 424 (8th Cir. 2019).

## II.  UNDISPUTED MATERIAL FACTS

The following facts are taken largely from Respondent's statement of undisputed material facts, Filing No. 14, but only to the extent Hines does not dispute such facts, *see*

---

[1] Rule 56 of the Federal Rules of Civil Procedure applies to habeas proceedings pursuant to Rule 12 of the *Rules Governing Section 2254 Cases in the United States District Courts* ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.") and Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus and for quo warranto to the extent that the practice in those proceedings: (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions.").  However, "summary judgment principles apply on federal habeas only to the extent they do not conflict with habeas rules."  Brian R. Means, Federal Habeas Manual § 8:36.

Filing No. 20.  The Court deems these facts admitted for purposes of deciding the summary judgment motion.  *See* NECivR 56.1(b)(1)(B) ("Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response." (emphasis omitted)).

1.     On March 8, 2022, in the District Court of Hall County, Nebraska, Hines was convicted of use of electronic communication device to commit sexual assault and enticement by electronic communication device following a jury trial.  Filing No. 13-4 at 22, 43–45.

2.     On April 19, 2022, the state district court sentenced Hines to consecutive prison terms of 15 to 30 years on Count 1, and 23 to 24 months on Count 3, for a total sentence of 203 to 384 months in prison.  *Id*. at 46–47.  The sentencing order was filed that same day.  *Id*.

3.     On March 3, 2023, the Nebraska Supreme Court affirmed Hines' convictions and sentences on direct appeal.  Filing No. 13-1 at 3; Filing No. 13-7 at 23–37; *see also State v. Hines*, 985 N.W.2d 625 (Neb. 2023).  Hines did not file a writ of certiorari with the United States Supreme Court.  Filing No. 13-1.  The mandate was issued on March 27, 2023.  *Id*.; Filing No. 13-7 at 38.

4.     On September 29, 2023, Hines filed a motion for postconviction relief in the state district court.  Filing No. 13-5 at 2–8.  The motion was denied without an evidentiary hearing in a written order filed on October 11, 2023.  *Id*. at 9–13.

5.     On October 23, 2023, Hines filed a notice of appeal of the state district court's order denying his motion for postconviction relief.  Filing No. 13-2; Filing No. 13-7 at 51–54.  The Nebraska Court of Appeals dismissed the appeal on November 20, 2023.

Filing No. 13-2 at 3; Filing No. 13-7 at 55.  On December 7, 2023, Hines' motion for rehearing was overruled as untimely filed.  Filing No. 13-2 at 3.  Hines did not file a petition for further review, and the mandate was issued on December 26, 2023.  *Id.*

6.    On April 19, 2024, Hines filed a successive motion for postconviction relief. Filing No. 13-6 at 2–8.  On April 25, 2024, the state district court denied Hines' successive motion for postconviction relief because it was time barred.  *Id.* at 9–11.

7.    Hines filed a notice of appeal, and on November 12, 2024, the Nebraska Court of Appeals summarily affirmed the state district court's judgment that his successive motion for postconviction relief was time barred.  Filing No. 13-3 at 3.  Hines did not file a petition for further review, and the mandate was issued on December 16, 2024.  *Id.* at 3–4.

8.    Hines' habeas petition was filed with this Court on January 27, 2025.  Filing No. 1.  On May 16, 2025, this Court entered an order requiring Respondent to file a motion for summary judgment or state court records in support of an answer.  Filing No. 8.

## III.  ANALYSIS

Respondent submits that Hines' habeas petition must be dismissed because it was not timely filed and is barred by the limitations period set forth in 28 U.S.C. § 2244(d). Hines argues his petition is timely and disputes Respondent's calculations of the limitations period and the tolling to which he should be entitled.  Alternatively, Hines contends he is entitled to equitable tolling to excuse any untimely filing of his petition. Upon careful consideration, the Court finds that Hines' petition must be dismissed as untimely and because equitable tolling does not apply to avoid the statute of limitations bar.

4

**A. One-Year Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

**1. § 2244(d)(1)(A)**

Hines did not file his habeas petition within one year of "the date on which [his] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, Hines' state court judgment became final on June 1, 2023, which is ninety days after the Nebraska Supreme Court affirmed Hines' convictions and sentences on direct appeal. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, for petitioners who do not pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires."); *King v. Hobbs*,

5

666 F.3d 1132, 1135 (8th Cir. 2012) ("If the Supreme Court has jurisdiction to review the direct appeal, the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system.") (citing U.S. Sup. Ct. R. 13.1). Contrary to Hines' assertion, *see* Filing No. 19 at 1, his judgment did not become final on June 25, 2023, which is 90 days after the Nebraska Supreme Court issued its mandate on his direct appeal, because "[t]he time to file a petition of a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." U.S. Sup. Ct. R. 13.3. Accordingly, the one-year limitations period began to run from June 1, 2023.

The statute of limitations was tolled during the pendency of Hines' first state postconviction proceeding beginning on September 29, 2023, when Hines filed his state postconviction motion. Hines filed his postconviction motion 120 days after his conviction became final, and those 120 days count toward the one-year limitations period. *See Bear v. Fayram*, 650 F.3d 1120, 1122 (8th Cir. 2011) (quoting *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)) ("'[T]he time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period.'"). The state district court denied Hines' postconviction motion on October 11, 2023, and Hines filed a notice of appeal on October 23, 2023. The Nebraska Court of Appeals dismissed the appeal on November 20, 2023, due to Hines' failure to pay the appellate docket fee or file a poverty affidavit within 30 days of the state district court's October 11, 2023, order, Filing No. 13-7 at 55 (citing Neb. Rev. Stat. § 25-1912(1)), and the mandate issued on December 26, 2023, *Id*. at 56.

The parties dispute whether Hines is entitled to any tolling of the limitations period between the entry of the state district court's order denying postconviction relief on October 11, 2023, and the Nebraska Court of Appeals' issuance of its mandate on December 26, 2023.  *Compare* Filing No. 15 at 3–4, *with* Filing No. 19 at 2; Filing No. 20 at 1–2.  However, the Court need not resolve such dispute because, even if the Court assumes the statute of limitations was tolled during the entire pendency of Hines' first postconviction proceeding, his habeas petition would still be untimely.

Following the conclusion of his first state postconviction proceeding on December 26, 2023, Hines had 246 days remaining on the statute of limitations clock to file his federal habeas petition, that is, until August 28, 2024.[2]  Hines did not file his habeas petition by August 28, 2024, but rather he filed a second postconviction motion in state court on April 19, 2024.  Liberally construed, Hines appears to contend that the AEDPA limitations period should be tolled by the filing of his second postconviction motion.  However, the Nebraska Court of Appeals' determined that his second motion for postconviction relief was untimely under Neb. Rev. Stat. § 29-3001(4).  *See* Filing No. 13-3 at 3.  Consequently, Hines' filing of his second postconviction motion on April 19, 2024, did not toll the AEDPA statute of limitations because his untimely postconviction motion was not a "properly filed application for State post-conviction or other collateral review" under 28 U.S.C. § 2244(d)(2).  The Nebraska Court of Appeals' determination of untimeliness forecloses any tolling of the federal habeas statute of limitations under § 2244(d)(2).  *See Allen v. Siebert*, 552 U.S. 3, 6 (2007) ("[A] state postconviction petition

---

[2] As 2024 was a leap year, the Court has factored in one additional day in calculating the year-long statute of limitations period.

is therefore not 'properly filed' if it was rejected by the state court as untimely." (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)); *Walker v. Norris*, 436 F.3d 1026, 1030–32 (8th Cir. 2006) (state postconviction petition, which was dismissed by state supreme court as untimely, was not "properly filed" so as to toll one-year limitations period under 28 U.S.C. § 2244(d)(2)).  Because Hines' second state postconviction motion did not toll the statute of limitations, Hines had until August 28, 2024, to file his habeas petition in this Court.  Hines did not file his habeas petition until, at the earliest, January 23, 2025,[3] more than four months after the limitations period expired.  Thus, Hines' habeas petition is clearly untimely under § 2244(d)(1)(A).

### 2.  § 2244(d)(1)(B): State-Created Impediment

Liberally construed, Hines appears to argue that his habeas petition was timely filed because he faced state-created impediments to the proper filing of his first postconviction appeal, resulting in its dismissal and his need to file a second postconviction motion and appeal.  Filing No. 19 at 2–3; Filing No. 20 at 2.  To the extent Hines may be arguing that his habeas petition should be considered timely filed pursuant to 28 U.S.C. § 2244(d)(1)(B) due to a state-created impediment, the Court disagrees.

Section 2244(d)(1)(B) tolls the one-year AEDPA limitations period until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."  Here, Hines argues that he included an application to proceed

---

[3] Pursuant to the prison mailbox rule, Hines filed his petition on January 23, 2025, which is the date Hines states he placed his petition in the prison mailing system, Filing No. 1 at 16.  *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999), *abrogated on other grounds by Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008) (holding that, "for purposes of applying 28 U.S.C. § 2244(d), a pro se prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court").

in forma pauperis with his notice of appeal as required to properly perfect the appeal, but he "believes that it was misplaced by the mail room of the Nebraska State Penitentiary or the Clerk of the District Court of Hall County, Nebraska." Filing No. 20 at 1. The state district court clerk also did not inform Hines that his notice of appeal lacked any required documents. Filing No. 19 at 2. Hines then filed his second postconviction motion on April 19, 2024, "in order to reinstate a proper direct appeal with the Nebraska Appellate Court." *Id*. at 3.

Neither the state district court clerk's nor the mailroom prison officials' alleged mishandling of Hines' application to proceed in forma pauperis constitute a state-created impediment sufficient to warrant tolling of the limitations period under section 2244(d)(1)(B). *See Muhammad v. Jeffreys*, No. 8:23CV147, 2025 WL 81422, at *4 (D. Neb. Jan. 13, 2025) (finding the alleged failure of prison officials to timely mail a state court appeal, which resulted in the dismissal of his postconviction appeal, did not constitute a state-created impediment under § 2244(d)(1)(B)). Regardless, Hines has not demonstrated that the state officials' alleged interference with his ability to perfect his first postconviction appeal prevented Hines from timely filing his federal habeas petition in this Court where approximately eight months remained on the AEDPA statute of limitations clock after the conclusion of Hines' first postconviction appeal. *See Earl v. Fabian*, 556 F.3d 717, 726 (8th Cir. 2009) ("The plain language of the statute makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition." (internal quotation omitted)). Under these circumstances, the Court finds section 2244(d)(1)(B) does not apply nor does it make Hines' petition timely.

**B. Equitable Tolling**

Hines argues that the Court should apply equitable tolling to permit consideration of his habeas petition. Filing No. 19 at 4. As Hines recognizes, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker*, 436 F.3d at 1032. "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). The burden of demonstrating grounds warranting equitable tolling rests with the petitioner. *Pace*, 544 U.S. at 418. The Eighth Circuit has reiterated, with respect to equitable tolling of the deadline for § 2254 petitions, "that '[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (citation omitted).

Hines asserts "he has diligently pursued every available court action in a timely and orderly fashion," Filing No. 19 at 4, and he filed his habeas petition a little over a month after his second postconviction appeal concluded. However, he concedes that he may not have been reasonably diligent during the period between the conclusion of his first postconviction proceeding on December 26, 2023, and the filing of his second postconviction motion on April 19, 2024, though he maintains that he was "trying to communicate with the various court[s] to resolve the allege[d] improper filing of the in forma pauperis [application]." *Id*.

10

The Court finds Hines' conclusory assertions regarding his due diligence unconvincing.  First, Hines' arguments in favor of his due diligence mainly relate to his state postconviction proceedings.  And, even if the Court assumes Hines acted diligently in filing his second postconviction motion on April 19, 2024, once the state district court denied his motion as untimely on April 25, 2024, Hines was on notice that his second postconviction motion may not be "a properly filed application for State post-conviction or other collateral review" that would toll the statute of limitations under 28 U.S.C. § 2244(d)(2).  Despite the questionable propriety of his second state postconviction motion, Hines took no steps to protect his right to federal habeas relief, even though at this point in late April 2024 the federal AEDPA statute of limitations had not yet expired.

While Hines appears to argue, liberally construed, that he was diligently attempting to exhaust his state-court remedies before seeking federal habeas relief, the United States Supreme Court has addressed such circumstances and "the apparent unfairness to petitioners who spend years exhausting state remedies, only to discover their federal habeas relief is time barred because their state petition was never 'properly filed'" and concluded:

> A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.  A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

*Walker*, 436 F.3d at 1030–31 (quoting *Pace*, 544 U.S. at 416).

Given that Nebraska postconviction motions and federal habeas petitions are subject to similar one-year limitations periods, the Court cannot conclude that Hines acted diligently when 120 days, or four months, had already passed between the time Hines'

11

conviction became final and the filing of his first postconviction motion, and Hines was aware in late April 2024, almost four months before the AEDPA limitations period expired, that his second postconviction motion had been deemed untimely.  Thus, after careful consideration, the Court finds that Hines has failed to demonstrate that he acted diligently in pursuing his rights to federal habeas relief and that an extraordinary circumstance prevented him from filing a timely habeas petition.  As such, Hines is not entitled to equitable tolling.  *See Alvarado v. Hansen*, No. 8:17CV283, 2018 WL 4006768, at *7 (D. Neb. Aug. 22, 2018) ("The Eighth Circuit has made it clear that equitable tolling is not justified by a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state postconviction law." (listing authority)).

## C.  Motion for Evidentiary Hearing

Hines moved for an evidentiary hearing, apparently seeking to submit evidence to establish a genuine issue of material fact precluding summary judgment, as well as evidence in support of his habeas claims.  Filing No. 21.  Rule 8(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* states in relevant part:  "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."  Access to an evidentiary hearing is governed by AEDPA, specifically 28 U.S.C. § 2254(e)(2).  In all but extraordinary cases, AEDPA "'bars evidentiary hearings in federal habeas proceedings initiated by state prisoners.'"  *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013)).

12

Here, the evidence Hines' seeks to present in opposition to Respondent's summary judgment motion relates to his first state postconviction proceeding and the alleged mishandling of his application to proceed in forma pauperis on appeal. As explained above, however, the Court found it unnecessary to determine whether Hines properly filed an appeal of his first postconviction motion and assumed the limitations period was tolled during the entire pendency of his first state postconviction appeal. But, even with the benefit of that entire tolling period, Hines' petition was still untimely under 28 U.S.C. § 2244(d)(1)(A). The Court also found that, even if the state district court clerk and/or the mailroom prison officials interfered with the filing of Hines' first postconviction appeal as he alleged, such interference did not constitute a state-created impediment under 28 U.S.C. § 2244(d)(1)(B) nor did such circumstances render his petition timely. Thus, to the extent Hines seeks an evidentiary hearing to oppose Respondent's summary judgment motion, he has not demonstrated such hearing is necessary.

Also, in light of the Court's conclusion that Hines' petition is barred by the statute of limitations, he is not entitled to an evidentiary hearing on his habeas claims and his motion is, therefore, denied as moot.

## D. Conclusion

Hines' habeas petition is untimely, and he has not demonstrated that he is entitled to equitable tolling to avoid the procedural bar of the one-year statute of limitations. Accordingly, the Court will grant Respondent's summary judgment motion, dismiss Hines' petition with prejudice, and deny Hines' Motion for Evidentiary Hearing as moot.

## IV.  CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability.  28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1).  The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  The Court has applied the appropriate standard and determined that Hines is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1.    Respondent's Motion for Summary Judgment, Filing No. 12, is granted.

2.    Petitioner's Motion for Evidentiary Hearing, Filing No. 21, is denied as moot.

3.    Petitioner's habeas petition, Filing No. 1, is dismissed with prejudice because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d).

4.    The Court will not issue a certificate of appealability in this matter.

5.    The Court will enter a separate judgment.

Dated this 10th day of March, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

14